UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10191-WGY |
| ) | |
| RODAS ALVARADO ) | |

DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER
BY DISTRICT COURT JUDGE OR, IN THE ALTERNATIVE,
<u>FOR EXPEDITED DISCOVERY AND TRIAL SCHEDULE</u>

Defendant, Rodas Alvarado moves, pursuant to 18 U.S.C. § 3145(b), that the District Court revoke the order detaining him. <u>See</u> Memorandum and Order on Government's Motion for Detention ("Order"), docket entry #5 (Exhibit A). As grounds for this motion, defendant states that there are conditions that would reasonably assure that he will appear in court.

STATEMENT OF FACTS

Defendant is 35 years old, a native of Honduras, and has no history of criminal convictions. He has worked for the past 15 months for a maintenance company. Prior to that time, he worked at a landscaping company.

Mr. Alvarado is charged with illegal re-entry after deportation and three counts of harboring an illegal alien. At the detention hearing, the government produced a warrant of deportation indicating that Mr. Alvarado was deported in 1997. The government presented no evidence regarding the charges of harboring aliens, and represented to the court that it was not relying on those charges. <u>See</u> Order at 8 n.8. The guideline

range for the illegal re-entry charge – even after trial – is 0 to 6 months.  The guideline range for the harboring an alien charge may be somewhat, but not much, higher.[1]  It appears that the government's evidence of harboring aliens is that two illegal aliens were found to be living in the apartment that Mr. Alvarado shared with his girlfriend, Helen Rodriguez.

Ms. Rodriguez, 39 years old, is a U.S. citizen.  She has been employed as a secretary at the Federal Reserve Bank for 21 years.  She also works on weekends at the Beth Israel Deaconess Hospital in patient access services.  She has no criminal record and has indicated her willingness to serve as a third party custodian.

## ARGUMENT

Defendant has lived and worked in Massachusetts for five years.  For approximately one year he has been in a relationship with Helen Rodriguez, a U.S. citizen and employee of the Federal Reserve Bank for 21 years.  He has lived with her for approximately six months.

---

[1] The base offense level under U.S.S.G. § 2L1.1 is 12, but is reduced three levels if the offense was not committed for profit.  While the superseding indictment alleges pecuniary gain, no evidence regarding that allegation has been produced.  Even with a base offense level 12, after trial, the guideline range would be 10-16 months, with a possible split sentence.  With the three-level reduction, it would be 4-10 months, with probation (with house arrest) a possibility.  A plea would further reduce the range to 0-6 months.

Mr. Alvarado faces a guideline range of 0-6 months on the illegal re-entry charge.  He has no prior convictions and is not an aggravated felon.

The detention order described the evidence on the illegal re-entry charge as "clearly overwhelming."  Order at 8 & n.8.  But it is impossible to determine that without a thorough review of the immigration file and records of the deportation hearing.

That review may reveal at least three possible defenses.  First, the statute in question provides a defense for any "alien previously denied admission and removed" who can show that he was not required to obtain advance consent to return.  18 U.S.C. § 1326(a)(2).  Undersigned counsel has not yet had an opportunity to research this issue thoroughly.  It appears, however, that Mr. Alvarado may well have been denied admission and removed, rather than deported, since he reportedly was arrested at the border.

Second, an indictment brought under 8 U.S.C. § 1326 must be dismissed where a defendant was deprived of his right to effective judicial review of the deportation order that underlies the prosecution.  See United States v. Mendoza-Lopez, 481 U.S. 828, 841 (1987).  This requires review of the deportation proceedings themselves.

Finally, where Mr. Alvarado was deported in 1997 and was found in the United States in 2004, the indictment may be barred by the statute of limitations if the government "should have,

through the exercise of reasonable diligence" discovered the defendant's presence in the United States more than five years before the indictment was returned.  See United States v. Gomez, 38 F.3d 1031, 1037 (8th Cir. 1994).

These issues require a thorough review of Mr. Alvarado's immigration file and the records of his deportation hearing. Obtaining those records -- especially the tape of the deportation hearing -- often takes a substantial amount of time.  Given the guideline range, Mr. Alvarado is likely to serve his entire sentence before the case is tried or otherwise resolved.

The Order relies heavily upon the fact that the deportation order has been reinstated and dismisses as "sheer fancy" the notion that Mr. Alvarado will not automatically be held by immigration if he is released by this Court.  Order at 9 n.9. But prior cases demonstrate that it is reasonable to expect that he would be released.  In United States v. Michel Ange-Aspilaire, Criminal No. 02-10105-WGY, a Logan Airport worker whose prior order of deportation had been reinstated, see Exhibit B, was released by this Court, then by Immigration, see Exhibit C. Furthermore, in United States v. Dario Arango Berrios, Criminal No. 00-10396-GAO, a defendant charged with illegal re-entry, after having been convicted of an aggravated felony, was released on conditions.

The Order asserts that Mr. Alvarado used false identification to evade authorities and to obtain employment. Order at 10. No evidence was presented that false identification was found in Mr. Alvarado's possession. The government did introduce testimony that agents found paycheck stubs in names other than Mr. Alvarado's and that Mr. Alvarado acknowledged using his cousin's name to work. To the best of undersigned counsel's memory,[2] there was no evidence that he possessed false means of identification, much less used them to evade immigration authorities.

The Order makes much of Mr. Alvarado's "illegal employment." Two years ago, nearly 20 Logan Airport workers were charged with various offenses related to false statements and possession or use of false identification in connection with their employment all were released on conditions that in most cases did not include house arrest. Many lacked employment authorization and therefore arguably had been working illegally. All had immigration detainers, but were released by immigration authorities. All faced low sentences. All appeared as required.

Finally, the Order speculates that the defendant will be deported before the prosecution can be resolved. Order at 9 n.9.

---

[2] Undersigned counsel has ordered the transcript of the hearing and expects to have a CD of the hearing available for the court before the hearing scheduled for 11 a.m.

But the example cited by the Order is one in which the defendant had not yet had an initial appearance.  Here, immigration authorities chose to release the defendant from their custody to the custody of the U.S. Marshals for purposes of prosecuting him for an offense investigated by the immigration authorities.  Having made that determination, it seems unlikely that they would deport Mr. Alvarado while the case still was pending.

For the reasons set forth above, defendant respectfully requests that he be released on whatever conditions the district court deems appropriate.  In the alternative, defendant requests an expedited discovery, motion, and trial schedule.

## REQUEST FOR HEARING

Defendant requests a hearing on this motion.

```
                                RODAS ALVARADO
                                By his attorney,

                                /s/ Miriam Conrad

                                Miriam Conrad
                                   B.B.O. # 550223
                                Federal Defender Office
                                408 Atlantic Ave. 3rd Floor
                                Boston, MA  02110
                                Tel: 617-223-8061
```

## CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon and upon Chief Pretrial Services Officer John R. Riley by delivery on July 22, 2004.

                                Miriam Conrad