UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | CRIMINAL NO. 04-10191-WGY |
| ) | |
| RODAS ALVARADO         ) | |

DEFENDANT'S OPPOSITION TO RECONSIDERATION OF
RELEASE ORDER AND REQUEST FOR HEARING

Defendant, Rodas Alvarado hereby opposes -- and seeks to have this Court revoke -- this Court's reconsideration of the release order issued on July 21, 2004.

As grounds for this motion, defendant states the following:

1. On July 22, undersigned counsel filed a motion appealing the detention order originally issued in this case.

2. On the same day, the Hon. William G. Young held a hearing on the defendant's motion.[1] At the conclusion of the hearing, he ordered the defendant released on various conditions.

3. At the July 22 hearing, the government argued that, because there was an immigration detainer in place and because the defendant's earlier deportation order had been reinstated, the defendant likely would be deported if immigration officials acted upon the detainer.

---

[1] Judge Young stated on the record that, before the hearing, he had listened to the recording of the two-day detention hearing held before Magistrate Judge Lawrence P. Cohen.

4.  Notwithstanding the government's argument, Judge Young issued an order releasing the defendant. In doing so, he acknowledged that there was a possibility that immigration officials would deport the defendant. Judge Young stated (to the best of undersigned counsel's recollection[2]) that the decision by immigration officials regarding detention and deportation of the defendant was, essentially, outside the scope of his decision. He made clear that his decision was based on his assessment of the risk of flight with respect to the federal criminal case. He also expressed concern that, given the minimal sentencing guidelines applicable to this case, the defendant would be likely to serve his entire sentence before trial if he were detained.

5.  Mr. Alvarado is charged with illegal re-entry after deportation and three counts of harboring an illegal alien. At the original detention hearing, the government produced a warrant of deportation indicating that Mr. Alvarado was deported in 1997. The government presented no evidence regarding the charges of harboring aliens, and represented to the court that it

---

[2]Undersigned counsel today ordered the transcript of the July 22 hearing and expects to have it tomorrow morning.

> was not relying on those charges. <u>See</u> Order at 8 n.8. The guideline range for the illegal re-entry charge – even after trial – is 0 to 6 months. The guideline range for the harboring an alien charge may be somewhat, but not much, higher.[3] It appears that the government's evidence of harboring aliens is that two illegal aliens were found to be living in the apartment that Mr. Alvarado shared with his girlfriend, Helen Rodriguez.

6. Within hours of the hearing on July 22, immigration officials took Mr. Alvarado into custody.

7. The government did not appeal Judge Young's decision. It waited nearly one month to seek reconsideration of the release order, despite the fact that it clearly should have been aware that Mr. Alvarado was in immigration custody and that immigration officials were moving to deport him.

---

[3] The base offense level under U.S.S.G. § 2L1.1 is 12, but is reduced three levels if the offense was not committed for profit. While the superseding indictment alleges pecuniary gain, no evidence regarding that allegation has been produced. Even with a base offense level 12, after trial, the guideline range would be 10-16 months, with a possible split sentence. With the three-level reduction, it would be 4-10 months, with probation (with house arrest) a possibility. A plea would further reduce the range to 0-6 months.

8.  The government's motion notes that, "[o]n August 11, 2004 . . . the Consulate General of Honduras had provided written permission for the Defendant to be admitted to Honduras." Presumably, at that point the government knew or should have known that deportation was imminent. Yet the government did not seek reconsideration of the release order until August 20.

ARGUMENT

A motion for reconsideration serves a limited purpose: "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985). The government has not shown an error of law or fact, nor has it presented any newly discovered evidence. The circumstances that now have arisen were foreseeable to the court and to the prosecutor. It is noteworthy that Judge Young did not make his release order conditional upon the actions of immigration officials, nor did he invite the government to seek reconsideration if the present circumstances were to arise.

Nor is there any statutory basis to revoke Mr. Alvarado's release, as he has not violated any of his conditions of his release. See 18 U.S.C. § 3148.

Although the order on the Government's Motion to Reconsider was made without prejudice to Judge Young's reviewing it upon his return, undersigned counsel understands that Judge

Young will not return until September 13.[4] Thus, the order will require Mr. Alvarado to remain detained until at least three more weeks, despite Judge Young's earlier conclusion that detention is not warranted in this case.

### REQUEST FOR HEARING

Defendant requests a hearing on this motion.

<pre>
                                RODAS ALVARADO
                                By his attorney,

                                /s/ Miriam Conrad

                                Miriam Conrad
                                   B.B.O. # 550223
                                Federal Defender Office
                                408 Atlantic Ave. 3rd Floor
                                Boston, MA  02110
                                Tel: 617-223-8061
</pre>

### CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant U.S. Attorney James F. Lang and upon Chief Pretrial Services Officer John R. Riley by delivery on August 24, 2004.

<pre>
                                /s/Miriam Conrad
                                 Miriam Conrad
</pre>

---

[4] The case currently is scheduled for trial on September 13, although undersigned counsel has moved to continue that trial because crucial discovery has not yet been received.